UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

U.S. BANK, NA as TRUSTEE for
the Certificateholders of Bear Sterns
ARM Trust, Mortgage Pass-through
Certificates Series 2005-6

    Plaintiff,

v.                                                    No. 13-cv-00134-MV/KBM

LUIS MIGUEL MAZULIS;
DAVID LANDON MURPHY,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before me on the Court's May 22, 2013 Order remanding this foreclosure case to state court, awarding statutory attorney fees because "[t]he Defendants' removal of this case was untimely, improper, and objectively unreasonable," and directing the parties to appear before a magistrate judge so that the "Court may determine whether the Court should impose the sanction jointly and severally against both parties, or whether Murphy solely instigated and accomplished the filing of the notice of removal." May 22, 2013 Order at 6 (Doc. 18). The Court subsequently issued an Order of Reference pursuant to 28 U.S.C. §§ 636(b)(1)(B), directing me to hold the hearing and make findings and recommendations. *See* Doc. 23. Accordingly, on June 24, 2013, I set the matter for a hearing to be held on July 29,

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

2013, at which "the parties shall address the issue of the amount of attorney fees to be awarded and who should pay those fees." June 24, 2013 Order Setting Show-Cause Hearing at 1 (Doc. 24). In the Order, I took

> judicial notice that Mr. Murphy has appeared at hearings in other similar cases and that he has given excuses for his co-plaintiff not to appear. *See Scott v. HSBC Bank*, No. 11cv1084 JP/ACT, Doc. 52 at 4 (Tr. of July 20, 2012 Hearing).

*Id.* at 2. Accordingly, I warned the parties that "Mr. Mazulis and Mr. Murphy shall appear at the hearing set below; failure to appear may result in the issuance of a bench warrant for their arrest and sanctions." *Id.*

The Friday before the Monday hearing, however, Jay Martin Payne[2] filed two virtually identical "Notices of Continuance" on behalf of Marzulis and Murphy, telling the clerk's office employee that Murphy had the flu. The Notices and attached affidavits appear to have been prepared by the same computer; they contain the same language; and they appear to both be prepared by Murphy on the same computer he used to prepare other filings, in disregard of this Court's instruction to Murphy that he may not "respond to litigation or appear in Court on [another pro-se party's] behalf because '[a] litigant may bring his own claims to federal court without counsel, but not the claims of others.'" *Khan v. Bank of New York Mellon FNA*, No. 12cv00475 RB/KBM Doc. 16 at 8 (D.N.M. Sept. 4, 2012). In addition, in the case at bar, on July 7, 2013, the Court imposed filing restrictions against Murphy, prohibiting him from "assisting other pro-se parties to file or remove cases." July 9, 2013 Order at 2.

---

[2] I take judicial notice that Mr. Payne has also engaged in the improper removal of two state foreclosure cases and attorney fees have been awarded against him. *See U.S. Bank v. Payne*, No. 12cv1230 MCA/RHS (Doc. 21) (Order remanding foreclosure proceedings and awarding attorney fees in the amount of $963 to U.S. Bank); *Wells Fargo Bank v. Payne*, No. 12cv703 MCA/LAM, Doc. 33 (Order remanding foreclosure proceedings to state court for lack of subject-matter jurisdiction). Mr. Payne also filed similar notices on behalf of Murphy and June Scott in *HSBC Bank v. Scott*, No. 13cv321 LH/KBM on July 26, 2013.

The notices of continuance state that Murphy and Mazulis both were "out of town" or "out of state" when both of them mysteriously "contracted a strain of flu that has debilitated numerous people." Doc. 29 at 1 (Mazulis Notice); Doc. 30 at 1 (Murphy Notice). The affidavits each state: "I got a debilitating flu and are [sic] to [sic] sick" to travel or attend court, as " bed rest has been prescribed for me." Doc. 29 at 3; Doc. 30 at 2. Although Mazulis's affidavit has a New York notary stamp affixed to it, the notary does not swear or affirm that Mazulis signed the affidavit in his presence. *See* Doc. 29 at 3. I further note that the printed "signature" on the affidavit is not similar to Mazulis's signature that was executed before a notary in Document 15 at 27. Mazulis's affidavit states that he will "be back in Santa Fe, New Mexico on or about August 30, 2013." Doc. 29 at 3. Although Murphy signed his affidavit in Santa Fe on July 25, 2013 witnessed by a notary, the affidavit inconsistently states that he "will be back in Santa Fe, New Mexico on or about August 15, 2013." Doc. 30 at 2. Neither of the affidavits attach a notarized doctor's statement or other proof of a doctor's visit or diagnosis or anything establishing out-of-state travel before the hearing date. Under these circumstances, I recommend that the Court strike Mazulis's Notice of Continuance because Murphy prepared it and find that the affidavits are fraudulent and perjurious and that Murphy prepared them in violation of the Court's prior orders instructing him to stop preparing and/or filing documents and giving legal advice to others.

Neither Mazulis nor Murphy attended the show-cause hearing. Daniel M. Hill of Lewis and Roca, New Mexico Counsel for U.S. Bank, attended and recounted the procedural history of the case and the delay that the remand has caused in the foreclosure proceedings. Hill provided affidavits from Lewis and Roca to support the amount of attorney fees U.S. Bank requested, the

reasonableness and necessity of which has not been rebutted, since the Defendants did not respond to the motion for attorney fees. *See* Doc. 22. The affidavit submitted by the Reed firm, which is in California and also represents U.S Bank, states that U.S. Bank was charged a flat fee of $8000 without indicating what those services were for or how many hours, if any, were spent on the removal proceedings. It appears that the Reed firm has done nothing in the removal proceedings and there is no evidence that the flat fee is either reasonable or warranted. Another attorney at the hearing testified under oath that her firm normally charges $350/hour to appear at a hearing of this type and that such a fee is reasonable and necessary.

  I find that U.S. Bank is entitled to recover $934 in attorney fees for responding to the notice of removal; that U.S. Bank should additionally be awarded attorney fees in the amount of $350 plus gross receipts tax of 7% for attending the show-cause hearing; and that the attorney fees should be imposed against both Mazulis and Murphy, jointly and severally. I also find that Mazulis and Murphy wilfully submitted perjurious affidavits and wilfully violated the Court's order requiring them to attend the show-cause hearing without good cause; that they are in contempt of Court; and that they each should be sanctioned in the amount of $1000 for failing to appear and for submitting the perjurious affidavits.

  I recommend that the Court award attorney fees in favor of U.S. Bank in the amount of $1292 and that the Court enter an order of contempt of court against Mazulis and Murphy that imposes $1000 as a sanction against each of them.

  I further recommend that the Court expand the filing restrictions against Murphy to state that Murphy may not file, and the Clerk of the Court shall not accept, any filings of any nature

prepared by Murphy in any case for any other party and that the Court refer Murphy to the attorney general for potential prosecution for practicing law without a license.

**IT IS ALSO ORDERED** that Mazulis shall not file another document of any kind in this case without signing it in front of an authorized New Mexico notary public who swears under penalty of perjury that Mazulis himself signed the document.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE